James Weiler, AZ Bar No. 034371
**WEILER LAW PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jweiler@weilerlaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Adam Friedlander**, an Arizona Resident, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>**LoanDepot.com, LLC**, a Delaware Limited Liability Company,<br><br>   Defendant. | Case No.:<br><br>**COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201, *ET SEQ.*** <br><br>**(Demand for Jury Trial)** |

Plaintiff Adam Friedlander ("**Plaintiff**"), individually, and on behalf of all other persons similarly situated for his Collective Action Complaint against Defendant LoanDepot.com, LLC. ("**Defendant**") hereby alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff and the Collective Members[1] are current and former mortgage bankers employed by Defendant.

2. Plaintiff brings this action on behalf of himself and all other similarly situated Collective Members who were not compensated for their overtime wages.

---

[1] Collective Members are fully defined below, under the Collective Action Allegations header.

3. Plaintiff and the Collective Members were only compensated their commissions and were not paid an adjusted overtime hourly rate for all time worked in excess of 40 hours in a given workweek.

4. Plaintiff and the Collective Members bring this action against Defendant for their unlawful failure to pay their overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter "**FLSA**").

5. This is an action for equitable relief, overtime wages, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

6. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees one-and-one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek. *See* 29 U.S.C. § 207(a).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

9. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

# PARTIES

10. At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

11. At all relevant times to the matters alleged herein, Plaintiff was a full-time employee of Defendant.

12. At all relevant times to the matters alleged herein, Plaintiff was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

13. At all relevant times to the matters alleged herein, Plaintiff and the Collective Members were non-exempt employees.

14. Defendant is a company authorized to do business in Arizona.

15. Defendant is a mortgage company.

16. Defendant was Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

17. Upon reasonable belief, Plaintiff and the Collective Members, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

18. Upon reasonable belief, Plaintiff and the Collective Members, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

19. Upon reasonable belief, Plaintiff and the Collective Members, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

20. Upon reasonable belief, Plaintiff and the Collective Members, in their work

for Defendant, were employed by an enterprise engaged in commerce that had/has annual gross sales of at least $500,000 in 2023.

21. At all relevant times, Plaintiff and the Collective Members, in their work for Defendant, were engaged in commerce or the production of goods for commerce.

22. At all relevant times, Plaintiff and the Collective Members, in their work for Defendant, were engaged in interstate commerce.

23. Plaintiff and the Collective Members, in their work for Defendant, regularly handled goods produced and transported in interstate commerce.

24. Plaintiff and the Collective Members would communicate regarding business matters via telephone.

25. Plaintiff and the Collective Members are covered employees under individual coverage.

26. Plaintiff and the Collective Members are covered employees under enterprise coverage.

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFFS

27. Plaintiff was employed by Defendant from on or around August 7, 2020 until on or around August 27, 2022.

28. During his employment, Plaintiff was a mortgage banker whose primary job duties included the origination of residential mortgages.

29. At all relevant times, Plaintiff was only paid commissions.

30. At all relevant times, Plaintiff never received an hourly rate.

31. Plaintiff routinely worked in excess of 40 hours per week.

32. During each pay period, Plaintiff was never paid any overtime.

33. Defendant was aware that Plaintiff's working hours routinely exceeded 40 hours.

34. Defendant required Plaintiff to work overtime as a condition of his employment.

35. Defendant wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

36. For example, during the week of September 6, 2021 to September 12, 2021, Plaintiff estimates that he worked approximately 60 hours.

37. Plaintiff earned $39,572.60 in commissions during the pay period for September 1, 2021 through September 15, 2021.

38. Using an example rough estimate equation, Plaintiff earned $39,572.60 / 2 = $19,786.30 for a one-week period during that time period.

39. Plaintiff's adjusted hourly rate for that time period is equal to $19,786.30 / 60 = $329.77 per hour.

40. Plaintiff's adjusted hourly rate for that time period is equal to $329.77 * 1.5 = $494.66.

41. Therefore, Plaintiff is entitled to an additional $494.66 * 20 (overtime hours) = $9,893.20 for that time period.

42. Plaintiff estimates that he was working between 60 – 80 hours per week during his employment for Defendant.

43. Defendant refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

44. Defendant's failure and/or refusal to compensate Plaintiff at the rates and

amounts required by the FLSA was willful.

## COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff, on behalf of himself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

46. Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b).

47. The proposed collective class for the FLSA claim is defined as follows:

**All employees who work[ed] for LoanDepot.com, LLC. With the last three years; who work[ed] over 40 hours in any given workweek as a past or present mortgage broker (or similar job title and/or similar job duties and responsibilities); who were not paid overtime at the correct overtime rate of pay for all hours worked over 40 in a given workweek are known as (the "Collective Members").**

48. Plaintiff has given his written consent to be the Named Party Plaintiff in this action pursuant to U.S.C. § 216(b). Plaintiff's signed consent form is attached as **"Exhibit 1"**. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

49. At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and/or have been subject to Defendant's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendant suffered or permitted them to work.

50. Plaintiff's claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in

all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff's are identical or substantially similar.

51. Plaintiff and the Collective Members routinely worked over forty (40) hours in a given workweek and were not compensated at the appropriate overtime rate by Defendant for all hours they worked over forty in a given workweek.

52. The Collective Members perform or have performed the same or similar work as Plaintiff.

53. As such, the Collective Members are similar, if not identical, to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime pay.

54. Defendant's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

55. The experiences of Plaintiff, with respect to his pay, are typical of the experiences of the Collective Members.

56. All collective members, irrespective of their particular job requirements and job titles, are entitled to overtime compensation based upon their appropriately calculated regular rate of pay for hours worked in excess of forty (40) during a given workweek.

57. Notice of this action should be sent to all similarly situated employees.

58. There are numerous similarly situated current and former employees of Defendant who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case.

59. Those similarly stated employees are known to Defendant and are readily

identifiable through Defendant's records.

## COUNT I
## (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

60. Plaintiff, on behalf of himself and the Collective Members, reallege and incorporates by reference all allegations in all preceding paragraphs.

61. Plaintiff and the Collective Members are/were non-exempt employees entitled to the statutorily mandated overtime wages.

62. While employed by Defendant, Plaintiff and the Collective Members worked numerous hours of overtime that Defendant did not pay at the correct overtime rate.

63. As a result, Defendant has intentionally failed and/or refused to pay Plaintiff and the Collective Members all owed overtime according to the provisions of the FLSA.

64. Defendant further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207.

65. Defendant knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal law, and Defendant was aware of the FLSA overtime requirements during Plaintiff's and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

66. As a result of Defendant's failure or refusal to pay Plaintiff and the Collective Members a wage equal to one-and-one-half times Plaintiff's and the Collective Members' adjusted regular rates of pay for work they performed for Defendant in excess of their regular 40-hour workweek, Defendant violated 29 U.S.C. § 207(a).

67. Plaintiff and the Collective Members are therefore entitled to compensation

of one-and-one-half times their adjusted regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendant:

A. Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. For the Court to declare and find that the Defendant committed one or more of the following acts:

    i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

    ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. For the Court to provide reasonable incentive awards for the named Plaintiff to compensate him for the time he spent attempting to recover wages for the Collective

1  Members and for the risks he took in doing so; and

2  G. Such other relief as this Court shall deem just and proper;

RESPECTFULLY SUBMITTED October 19, 2023.

**WEILER LAW PLLC**

By: /s/ James Weiler
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiffs